**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| KRIKOR O. BAYTARIAN, | ) | Case No. 10-11821-JNF |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |

## RESPONSE OF RICHARD W. GANNETT, ESQ. TO COURT'S 7/23/10 SHOW CAUSE ORDER

Richard W. Gannett, Esq. ("Respondent") hereby submits this response to the Court's order, dated July 23, 2010, directing that Respondent show cause why he should not be sanctioned "FOR FILING THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO CONTINUE A PROCEEDING WHOSE PURPOSE WAS TO ASSESS THE ABILITY OF THE JUDGMENT DEBTOR, KRIKOR BAYTARIAN, TO PAY AND TO DETERMINE KRIKOR BAYTARIAN'S INTEREST IN PROPERTY LOCATED AT 290 COMMONWEALTH AVENUE, UNIT 5, BOSTON, MASSACHUSETTS"(the "Show Cause Order"). In summary, Respondent states that he should not be sanctioned for filing the above-referenced motion for relief from stay (the "Stay Motion") because: (a) he has served as the attorney for movants, John Fiore, Sr. and Grace Fiore (the "Fiores"), during all relevant times; (b) Respondent's fee agreement with the Fiores, as well as Massachusetts law, designated to Respondent the discretion to decide the appropriate steps to take on behalf of his clients to prosecute or collect on their claim against the debtor, Krikor O. Baytarian (the "Debtor")(short of settlement or release of that claim), and the filing of the Stay Motion fell within that discretion; (c) as

- 1 -

represented in the attached affidavit and in his opposition to the Debtor's motion for sanctions pursuant to Fed. R. Bankr. P. 9011 (the "Sanctions Motion"), Respondent, prior to filing the Stay Motion, undertook an inquiry reasonable under the circumstances and concluded, in good faith, that the Stay Motion complied with each of the criteria set forth in Fed. R. Civ. P. 11(b)(1) – (4); and (d) subsequent to the Court's hearing on the Stay Motion, Respondent has altered his fee agreements and office procedures to ensure that Respondent will not file any pleading or proof of claim with this Court absent a client's prior review and approval. To the extent necessary, Respondent incorporates his affidavit, filed herewith (the "Affidavit"), as well as his objection to the Sanctions Motion (the "Sanctions Motion Response").

In additional support of this Response, Respondent respectfully represents as follows:

1. In the Show Cause Order (and in the earlier hearing on the Stay Motion, in May 2010), the Court identifies two primary issues that Respondent needs to address: (a) the circumstances surrounding the Stay Motion, i.e., whether the Respondent serving as the Fiores' attorney at the time and the appropriateness of the Respondent's filing of the Stay Motion absent communication with the Fiores regarding the Stay Motion; and (b) whether the Respondent's filing of the Stay Motion, or the relief requested in the Stay Motion, violates Fed. R. Bankr. P. 9011.

2. With respect to the circumstances of the Stay Motion, Respondent, as represented in the Affidavit, represented the Fiores at the time of the Stay Motion pursuant to a fee agreement dated December 8, 2008 (the "Fee Agreement"). In the Affidavit, Respondent also represents that, at the time, he considered the Stay Motion as

a procedural pleading that did not require his clients' prior approval or review because the Fee Agreement designated to him the discretion to file procedural pleadings, including bankruptcy pleadings, without prior consultation with the Fiores. Moreover, Respondent (rightly or wrongly) did not consider the Stay Motion as a substantive pleading because the Stay Motion requests a very narrow lifting of the automatic stay to permit another court to announce findings of fact and rulings of law in a trial completed prior to the date of the Debtor's bankruptcy petition.

3.      Respondent also suggests that the Stay Motion itself evidences his perception that he continued to represent the Fiores during all relevant times. As stated in the Affidavit and in the Sanctions Motion Response, Respondent was concerned that, notwithstanding the Debtor's bankruptcy filing, his failure to seek relief from the automatic stay to permit the Boston Municipal Court (the "BMC") to issue its findings of fact and rulings of law could lead to an accusation that he neglected his clients' case and failed to serve zealously as their advocate. *See Global Naps, Inc. v. Awiszus*, 457 Mass 489, 930 N.E. 2d 1262 (2010)(contingent fee lawyer's failure to appeal reversible adverse jury verdict on behalf of his clients was malpractice and damages could be recovered from lawyer). The Supreme Judicial Court, in that case, stated that**:** "'[O]nce an attorney has been recognized as the representative of a party on the record, he shall be presumed so to continue, until his authority is revoked, and his appearance withdrawn, and due notice thereof given.'" *Global Naps, Inc. v. Awiszus*, 457 Mass at 503 (quoting *Lewis v. Sumner,* 54 Mass. 269, 13 Met. 269, 272 (1847)).

4.    As represented in the Affidavit, the Respondent had continued authority to serve as the Fiores' counsel in the collection of sums due from the Debtor, and no other counsel has filed a notice of appearance for Fiore in the Superior Court, the BMC, or in the above-captioned case in this Court. Notwithstanding that Respondent and his client had not communicated for an extended period of time regarding Respondent's collection efforts against the Debtor, Respondent still served as the Fiores' attorney at the time Respondent filed the Stay Motion. *See Jones v. Rabanco Ltd.*, ____ F. Supp. 2d ____, 2006 WL 2237708 (W.D. Wash. 8/3/2006)(despite the lack of contact, for three years, with a client whom a law firm had represented on similar previous matters, law firm still served as the client's attorney with respect to the matter at hand and was disqualified from representing an adverse party). This was a post-judgment collection matter undertaken for an experienced creditor, and the nature of the claim and the posture of the case supported limited communication.

5.    In all regards, the Fee Agreement controlled the Respondent's and the Fiores' relationship; as represented in the Affidavit, the Fiores granted Respondent exclusive control over all procedural aspects of collection of amounts due from the Debtor and any litigation arising therefrom.[1] The Fee Agreement is consistent with Massachusetts law, which provides that: "The attorney, and not his client, is in charge of litigation … the attorney usually determines what steps are to be taken in his client's interest, and the acts of the attorney in the conduct of litigation are binding upon the client." *Burt v. Gahan*, 351 Mass. 340, 342, 220 N.E.2d 817 (1966); *see Brody v. Presidents and Fellows of Harvard College*, 664 F.2d 10, 11 (1st Cir. 1981), *cert. denied*

---

[1] A redacted copy of the Fee Agreement (with the relevant language not redacted, on the second page) has already been submitted as Exhibit A to the Sanctions Motion Response.

- 4 -

455 U.S. 1027, 102 S.Ct. 1731, 72 L.Ed.2d 148 (1982)(civil litigants are bound by their attorneys' tactical decisions). The Stay Motion requested limited relief from the automatic stay – to permit the BMC to enter findings, after the conclusion of a prepetition trial with evidence and testimony, on whether the Debtor had equitable ownership in 290 Commonwealth Avenue, Unit 5, Boston, MA (the "Back Bay Condominium"). The Stay Motion was a continuation of on-going litigation managed by Respondent, rather than a dispositive pleading that waived or compromised the Fiores' claim against the Debtor; as such, the Respondent acted in the scope of his retention in filing the Stay Motion, even if the filing of the Stay Motion was a unilateral decision made by Respondent without further specific instructions from the Fiores beyond the on-going authority granted to Respondent in the Fee Agreement. *Compare Burt v. Gahan*, 351 Mass. at 342 (client bound by attorney's unilateral decision to order deposition transcript) *with Desantis v. Mass. Bonding & Ins. Co.*, 289 Mass. 315, 321, 194 N.E. 136 (1935), and cases cited therein (attorney's broad powers with respect to the prosecution and management of actions and suits on behalf of a client do not extend to matters affecting the cause of action, such as a release of the client's claim).

6. Notwithstanding the foregoing, Respondent acknowledges the Court's concern regarding his lack of communication with the Fiores. As represented in the Affidavit, Respondent does communicate with clients (including the Fiores) regarding any recoveries made on their behalf, to transmit settlement offers made to them through Respondent, and to provide status updates to clients when requested or when appropriate. In light of the Court's concern, Respondent, as represented in the Affidavit, has amended his fee agreements and engagement procedures to confirm the scope of his representation

and authority, and, more particularly, to obtain advance authority on the filing of any motion for any client wishing to do so. Clients are now asked to specifically affirm in advance the scope of Respondent's authority to prosecute and manage actions and suits on their behalf.

7. With respect to whether the Stay Motion violates Fed. R. Bankr. P. 9011, Respondent again points out, as he did in the Sanctions Motion Response, that there is precedent for requesting the Court for a narrow lifting of the automatic stay to permit another court to rule on matter already litigated prior to the filing of a bankruptcy petition. *In re The SCO Group, Inc.*, 395 B.R. 852 (Bankr. D. Del. 2007)(stay lifted in order that creditor could proceed to trial on issue of debtor's liability on certain claims). In addition, specifically with respect to whether it was proper to file a request to permit the BMC to make its findings and rulings with respect to the Debtor's equitable ownership of the Back Bay Condominium, Respondent states that this Court itself has, in the past, modified the automatic stay to enable a court involved in supplementary process proceedings to take a limited action with respect to a matter. *In re Birchall*, ___ B.R. ____, 2007 W.L. 1992089 at p. 8 (Bankr. D. Mass. 7/7/2007)(stay modified to permit the Orleans District Court to hear the issue of whether a debtor should be required to wear an electronic monitoring device to prevent such debtor from leaving Massachusetts).

8. Respondent reiterates his representations in the Sanctions Motion Response and in the Affidavit that: (a) he filed the Stay Motion in good faith, after an inquiry reasonable under the circumstances; (b) based on such inquiry (primarily legal research), Respondent concluded that the relief requested in the Stay Motion was warranted by existing law or an extension of existing precedent; (c) the factual

contentions in the Stay Motion were true and accurate, in that they consisted primarily of a recitation of easily verifiable procedural history of the Fiores' collection efforts against the Debtor; and (d) Respondent filed the Stay Motion for a legitimate purpose – to seek permission for another court to rule on a fully litigated issue and settle that issue to avoid another costly round of trial on that issue for the Debtor's trustee and the Debtor's estate.

9. To the extent that the Court interpreted the Stay Motion as a request to lift the automatic stay to enable the BMC to issue orders regarding application of any property of the Debtor to apply to the Fiores' claims, Respondent, as stated in the Affidavit, states unequivocally that he did not intend the Stay Motion for that purpose, understanding that the BMC had no such authority, and regrets and takes full responsibility for any ambiguity regarding the relief requested in the Stay Motion.

WHEREFORE, based on the foregoing, the Affidavit, and the Sanctions Motion Response, Respondent requests that the Court rule that Respondent has demonstrated cause why he should not be sanctioned for the filing of the Stay Motion.

RICHARD W. GANNETT, ESQ.
By his counsel,


   /s/ Kevin C. McGee
Melvin Greenberg (BBO #209520)
Kevin C. McGee (BBO #548923)
SEDER & CHANDLER, LLP
339 Main Street, 3rd Floor
Worcester, MA 01608
Phone: (508) 757-7721
Fax: (508) 831-0955
E-mails: mgreenberg@sederlaw.com
            kmcgee@sederlaw.com

Case 10-11821    Doc 83    Filed 10/06/10    Entered 10/06/10 19:52:38    Desc Main
Document    Page 8 of 8

## ECF CERTIFICATE OF SERVICE

I, Kevin C. McGee, hereby certify that I will, immediately upon receipt of the notice of electronic service, serve by first class mail, postage prepaid, a true and correct copy of the foregoing pleading, upon any of following persons who are not deemed to have consented to electronic notice or service under MLBR, EFR 9.

      /s/ Kevin C. McGee
      Kevin C. McGee

Ryan D. Sullivan, Esq.
Attorney for Debtor
BODOFF & ASSOCIATES
120 Water Street
Boston, MA 02109 (by ECF)

John J. Fiore, Sr.
Grace Fiore
29 Valentine Drive
Albertson, NY 11507
(By First Class Mail, Postage prepaid)

John O. Desmond, Chapter 7 Trustee
24 Union Street
Framingham, MA 01702 (via ECF

George W. Tetler, III, Esq.
Mark W. Powers, Esq.
Counsel to Norwood Cooperative Bank
BOWDITCH & DEWEY, LLP
One International Place
Boston, MA 02110-2602 (via ECF)